**WILEY, TATE & IRBY, a Partnership of Milan, Tennessee, Plaintiffs-Appellees,**

v.

**The PEOPLES BANK AND TRUST COMPANY OF TUPELO, MISSISSIPPI, Defendant-Appellant.**

**No. 71-3100**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

June 12, 1972.

C. R. Bolton, Jeremy J. Eskridge, W. P. Mitchell, Tupelo, Miss., for defendant-appellant.

John F. Kizer, Milan, Tenn., Pat D. Holcomb, Holcomb, Connell & Fleming, Clarksdale, Miss., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

This diversity action was brought by payees on demand instruments returned unpaid by the payor bank. The sole issue on appeal is whether the trial court was correct in granting summary judgment for the plaintiffs. We affirm.

The factual background of the case is stated in Wiley v. Peoples Bank and Trust Company, 438 F.2d 513 (5th Cir. 1971). We there remanded for further proceedings because the trial court had erroneously held that the items submitted by plaintiffs to defendant payor bank were not documentary drafts under the Mississippi Uniform Commercial Code (MUCC).[1] We held that the items were documentary drafts. We said:

> "The error of the lower court in holding these drafts were not documentary drafts prevented development of the obvious alternative issue as to whether Payor Bank complied with its duties in connection with the collection of such documentary items as prescribed by the MUCC, in light of the Intermediary Bank's collection letter. Should the plaintiffs raise this alternative issue in the court below, the trial court is the appropriate forum to make such determinations in the first instance." At p. 516.

On remand plaintiffs amended their complaint asserting defendant's liability due to its non-compliance with MUCC, §§ 41A:4-501 to 4-504 and raising common law liability on a negligence theory. Defendant filed an answer to the amend-

---

\* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. Miss.Code Ann. §§ 41A:1-101 to 41A:10-105.

ed complaint setting forth numerous affirmative defenses to the new allegations and demanding trial by jury. Plaintiffs moved for summary judgment after submitting an affidavit in support thereof. Defendant submitted no additional evidence and the court granted summary judgment on the basis of the evidence presented at the first summary hearing and plaintiffs' additional affidavit.

In a well-reasoned Memorandum of Decision the trial court found: (1) that there was no genuine issue as to any material fact in the case, (2) that the defenses raised by defendant were insufficient to overcome its non-compliance with the clear import of its duties under MUCC §§ 41A:4–501 to 4–504, (3) that defendant's liability was fixed by MUCC, § 41A:4–302(b), and (4) that plaintiffs were entitled to judgment as a matter of law.

 Finding that the record fully supports the court's grant of summary judgment in the circumstances of this case, the judgment is affirmed.

Affirmed.